NichousoN, C. J.,
delivered the opinion of the Court.
This is an application, by the heirs of N. R. Martin, deceased, to set aside a sale of a house and lot in Winchester, sold under an order of the County Court of Franklin county, in 1863, and purchased by R. J. Turner.
It appears that, in 1860, John W. and N. R>. Martin, two of the children of N. R. Martin, deceased, being administrators of his estate, petitioned the County Court for the sale of certain lots in Winchester; but. as the trans-script from the County Court contains no petition, we are finable to find out for what cause the sale was desired, whether for partition, or for the payment of debts. Nor do we see by the transcript, who of the children joined as petitioners, or who were defendants. We see that throe of the children were minors, and that the Court appointed a regular guardian for them, and a guardian ad litem; but we see no process that was ever served on them, or any of the other children, nor is there any answer, either by the minors or their guardian, or any of the children. Yet the County Court ordered the Clerk, after having taken proof and reported that the- minimum value of the lot was $2,500, to sell the same on a credit of one, two and three years. About December, 1860, he *387 sold the property for f>2,510, to E. Martin, and reported to the Court the sale of the lot, but closed his report by stating that the sale was null and void by consent of all the parties, but it does not appear who were the parties who gave the consent. However, the Court confirmed the report, and ordered the administrator to pay the costs.
The matter rested so until April, ’ 1863, when the County Court resumed the case, and say: “It now appearing to the Court that it is to the interest of the parties to sell the property for cash,” the administrator having requested this to be done, as appears by the report, the sale was accordingly ordered. The report of the Clerk, alluded to, is not found in the record. The property is ordered to be sold for cash, and the money to be paid over to the administrator to pay debts.
The house and lot was sold on the 4th of May, 1863, and bid off by defendant, Turner, for $2,510, in Confederate money; the sale being made under proclamation of the crier and by order of the administrators, payable in that sort of currency. The Clerk reported the sale to the Court at its May Term, 1863, when, on the 5th day of May, the report was confirmed; and the Clerk ordered, after paying costs, to pay the balance over to the administrators, and to execute a deed to Turner.
On the 4th of May, 1863, the Clerk had a settlement with the administrators, and reported to the Court, on the 7th of May, that there had come to their bands $3,128, and that they had paid out $4,441, leaving the estate indebted to them $1,312, which report was confirmed. On the 5th of June, • the administrators receipted *388 to the Clerk for $1,312, in satisfaction of tbeir claim against the estate, and for $1,134, which they received as administrators; thus disposing of the $2,510, for which the house and lot was sold.
These are the facts which we gather from the bill, answer and proof.
The complainants are the children and heirs of N. B,. Martin, deceased, two of them being the administrators, who engineered the proceedings in the County Court, obtained a sale of the house and lot, directed it to be sold for cash and in Confederate money, and received one-half of the money to satisfy disbursements they had made for the estate, and the other half for distribution or payment of debts.
The complainants insist that the proceedings in the County Court were all void, that the Confederate money paid by Turner was worthless, that he got no title; and ask that the County Court proceedings be declared void; that Turner’s deed be annulled, and that the house and lot be decreed to them, with all proper rents and profits.
It is manifest that the County Court had no jurisdiction to order the sale of the house and lot, if the transcript in the record is to be taken as containing all the proceedings in the case. There is not enough to show that the Court had jurisdiction of the person,' or of the subject matter. But, while this is true, we should' feel bound to repel the two administrators from the relief sought, on account of the part they bore in procuring the illegal orders and sales of the property, if they were the only complainants. But there is nothing in the record which implicates the other complainants, *389 and especially those who were minors at the time, and, therefore, we are constrained to declare the orders of sale void, and the title obtained under the sale by defendant, Turner, a nullity. But, as all the parties are before us, and as the facts necessary to a settlement of the equities between the parties appear in the bill, answer and proof, we will not stop with simply vacating the sale of the property.
It appears that defendant, Turner, was induced to buy the house and lot by the representations made by the administrators, through the auctioneer. It appears, further, that although Turner paid for the property in Confederate money, the same was available in paying the debts of the estate. We, therefore, hold that he was in no fault in making the purchase, and failed to get any title; and as his money was used by the administrators in relieving the indebtedness of the estate, that he is entitled to be substituted, and to have the value of the payment made by him, estimating the value of the Confederate money at the time of the payment, with interest, refunded to him by the administrators, after charging him with reasonable rent for the property, and allowing credit for permanent improvements and repairs; and if the same is not paid within a reasonable time, that his claim shall be a charge on the property, and the same be sold for the satisfaction thereof. We further hold, that, after satisfying the claim of Turner, the surplus shall be distributed amongst the heirs of N. R. Martin, deceased, excluding from said distribution the two administrators of the estate.
*390 The decree will be reversed, and the cause remanded for further proceedings, as herein indicated. The costs of the court below,- and of this court, will be paid by the administrators, out of their personal means.